## JOHNSTON v HART

Ohio Appeals, 1st Dist., Hamilton Co.

No. 5257. Decided Nov. 29, 1937.

Waite, Schindel & Bayless, Cincinnati, for appellee.

Pogue, Hoffheimer & Pogue, Cincinnati, for appellant.

## OPINION

By HAMILTON, J.

Heard on motion to dismiss the appeal on questions of law and fact.

The appellant Henrietta Hart

appealed from the decision of the trial court to this court on questions of law and fact.

The appellee moved to dismiss the appeal, for the reason that this action is not appealable on questions of law and fact. The determining question on the motion is whether or not the action is a chancery case. The character of the action is to be determined from the pleadings.

The petition for a cause of action alleges in substance that during the years 1935, 1934 and 1933 at stated intervals one Albert Barnet Hart gave or transferred to defendant Henrietta Hart the sum of $248.25, which it is alleged was paid each and every interval during the three years named, aggregating a large sum of money.

It is further alleged in the petition that said transfers were made by the said Albert Barnet Hart when he was insolvent and were made without any consideration, and were made with the intent to hinder, delay, and defraud his creditors of their just and lawful debts and damages, and further, that the said defendant Henrietta Hart, knew that said Albert Barnet Hart was insolvent and knew that said transfers were in fraud of creditors, and alleged that she was not, prior to adjudication of said Albert Barnet Hart a bankrupt, a bona fide holder for value of the sums so transferred. Plaintiff further alleged that said transfers were made to hinder, delay, and defraud creditors of Albert Barnet Hart, and prays for judgment against the defendant, Henrietta R. Hart, in the sum of $5614.75. The plaintiff as Trustee in Bankruptcy represents all the creditors in the action.

The answer of Henrietta R. Hart alleges that for want of sufficient knowledge she denies that the plaintiff is the duly elected, qualified, and acting Trustee of the Estate of Albert Barnet Hart, a bankrupt, and denies he was adjudged a bankrupt. Defendant, Henrietta R. Hart further denies in detail that Albert Barnet Hart gave or transferred to her the sums as alleged in the petition; denies that the sums were paid to her and denies they were paid at the times alleged; denies that said sums were paid to her while the said Albert Barnet Hart was insolvent; denies the payments were made without consideration; and denies that said payments were made to her to hinder, delay and defraud the just creditors of said Albert Barnet Hart.

The record discloses that the case was tried to a jury upon the evidence and the charge of the court as to the law. The jury returned a verdict in the sum of $1,000.00. This verdict was reduced by the trial court to $400.00 and accepted by the plaintiff.

Does this make a chancery case?

It is not an action to set aside a transfer of property. It is an action for money only. There is no specific property to recover, and the only remedy available to the plaintiff would necessarily be a suit for money in the amount of the value of the property so transferred in fraud of creditors, if found to be such. The fact that fraud is alleged does not necessarily make it a chancery case.

The statutes of Ohio provide for the setting aside of transfers in fraud of creditors and the subjection of the proceeds of the property for the benefit of creditors. This is not that kind of a case. The statute is only declaratory of the common law right to set aside transfers and subject the property for the benefit of creditors.

There have been two cases in

Ohio which throw some light on the question. The first is **Benjamin v Le Baron's Administrator, 15 Ohio Reports, 518.** The primary question in that case is as to whether or not an administrator could maintain an action in trover to recover goods, etc., transferred by his intestate to defraud creditors. As hereinabove stated, the action was in trover, in which the plaintiff recovered a verdict and judgment for $13,379. There was involved in the case both real and personal property. The question under consideration was the assignment of rights under a contract and the transfer of personal property as well as real. The court decided that the administrator stood in the shoes of his decedent, and, therefore, had no right to set aside his own fraudulent transfer. The Court in that case did not determine that trover would not lie, and held that it was unnecessary to decide that point, and dismissed the action on the ground that the administrator could not maintain an action under the circumstances. Birchard, J., dissented. In his dissenting opinion he discusses the question as to whether or not the remedy is exclusively in chancery. He states the equitable remedy lies. but it is not exclusive. He states: "For, it is palpable that trover is a form of action less complex than a bill in equity; it requires but two parties, and affords the very best tribunal for exposing a fraud; to wit, a jury trial. While, upon a proceeding in chancery, every one of the creditors must come in and be made a party or he can not get his distributive share; and the administrators and heirs must also be brought in, if for no other purpose than to deny that there are other assets."

This is the only pronouncement in the Benjamin case as to the right to maintain the action at law to recover money for the value of property fraudulently transferred. The majority of the court did not discuss the question.

It is clear, therefore, that the court holds in the Benjamin case the action for money is not a chancery case, although an action in chancery might have been brought.

The next pronouncement we find on the subject is the case of **Doney v Clark, Admr., 55 Oh St 294.** In that case Clarks, as administrator, filed a petition in the court of common pleas to recover from Doney the value of the real estate described in the petition. It was claimed that Doney through an agreement procured an assignment to himself a judgment from one Dunnick, Clark's decedent, which was a foreclosure of a lien on real estate. He caused the land to be sold, and Doney himself became the purchaser. Prior to the death of Dunnick, Doney sold and conveyed the lands to an innocent purchaser under circumstances which gave validity to the title acquired by the purchaser. The general demurrer to the petition was overruled, and, in his answer, Doney denied the agreement by which he was to hold the property in trust for Dunnick, and alleged he purchased the property for his own use. The trial resulted in a judgment for the plaintiff for $2,240 and costs, and this was affirmed by the Circuit Court. When the case was called for trial, defendant moved it be tried to the court, and this motion was allowed; the court holding that neither party was entitled to a jury. Error was predicated on the admissibility of the evidence adduced. The Supreme Court, speaking through Shauck, J., in effect overruled the decision in the Benjamin

case, supra, as to the right of an administrator to maintain the action. The court held that section 8139 R. S., gave the administrator this right. In the opinion, it is stated:

"Accordingly we have the express provisions of the statutes authorizing suits to subject property so conveyed to the payment of the grantor's debts. Such suit may be brought by the creditor, or by the assignee of the grantor for the benefit of creditors, or by the administrator under the section quoted. In none of these statutes is there express authority for an action against the fraudulent grantee for the value of the lands when the rights of a bona fide purchaser intervene. But that such action may be maintained by the proper party seems clear on both reason and authority. Although the trust which the parties attempt to establish by their contract is void, the property in the hands of the fraudulent grantee is, by the terms of the statute, impressed with a valid trust in favor of the grantor's creditors. It may be that the fraudulent grantee is required only to surrender the land so held, but when by his own act he has made that impossible there attaches the usual incident of a personal liability for the value of the subject of the trust." Citing cases.

Further quoting from the opinion:

"The common pleas court did not err in overruling the demurrer to the petition.

"This was an action for the recovery of money only. In view of the fact that the fraudulent grantee had conveyed a valid title to the subject of the trust no decree in equity was needed or sought.

Although the principles upon which a recovery was sought may be of equitable cognizance, either party is entitled, in an action for the recovery of money only, to have the issues determined by jury."

Thus it will be seen that such an action as is brought here lies for the recovery of money only, for the value of the money fraudulently paid, if found to be so. Since there is no transfer of property to be set aside, to be subjected to the payment of the bankrupt's debts, no decree in equity is needed, and none is sought. The cause of action in the petition is based upon the personal liability of the defendant for the value of the money which she received, which is the subject of the trust.

If the plaintiff had sufficient grounds for a proceeding in chancery to set aside a conveyance, he did not choose to proceed on that theory. He brought an action at law for the value of the subject of the trust, which the two cases mentioned above recognize as a proper proceeding.

Our conclusion is that the case is not in chancery, and since an appeal to this court would lie on questions of law and fact only in chancery cases, the appeal on question of law and fact in this case will not lie. However §12223-22 GC, provides that when an appeal on law and fact is taken, in which case it is determined the appellant is not permitted to retry the facts, but shall stand for hearing on question of law only. The motion to dismiss the appeal is granted in so far as it relates to a retrial of the facts, and the cause will be heard on questions of law.

ROSS, PJ. & MATTHEWS, J., concur.